UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS HEALTH AND
WELFARE FUND et al.,

        Plaintiffs,                        Case No. 1:13-cv-468

v.                                        HON. JANET T. NEFF

FIRST AGENCY, INC. et al.,

        Defendants.
_____/

## OPINION

Plaintiffs Central States, Southeast and Southwest Areas Health and Welfare Fund ("Central States") and Arthur H. Bunte, Jr., in his representative capacity as trustee of Central States, filed this action May 1, 2013 against Defendants First Agency, Inc., Guarantee Trust Life Insurance Company (GTL) and Berkley Life & Health Ins. Co. ("Berkley") to resolve a coordination-of-benefits dispute concerning insurance coverage for 22 injured students/athletes, who were insured as dependents under Central States' ERISA[1] health benefits plan for Teamsters members and also were insured by GTL under an accident medical insurance plan sold and administered by First Agency.[2] Pending before the Court is GTL's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt 18). Plaintiffs have filed a Response in opposition (Dkt 29), and GTL has filed a Reply (Dkt 31). Having fully considered the parties' briefs and the record, the Court concludes that oral argument is

---

[1]Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*.

[2]Berkley, whose coverage involved only one student, settled and was dismissed.

unnecessary to resolve the pending motion. *See* W.D. Mich. LCivR 7.2(d). The Court denies the Motion.

**I. Analysis**

GTL argues that this matter should be transferred to the Northern District of Illinois, Eastern Division, because venue in that jurisdiction is more convenient to the parties, including Plaintiff Central States, and any potential witnesses. GTL further asserts that the majority of the occurrences that form the basis of the Complaint occurred within the Northern District of Illinois, and the majority of evidence is also found within that district. GTL notes additionally that litigating this matter in Illinois will serve the public interest as this occurrence is more closely connected to the Northern District of Illinois and may involve questions of Illinois law.

Plaintiffs argue that the Motion should be denied as the relevant factors do not weigh in favor of transfer, and as GTL is simply trying to escape the unfavorable decisions applicable in the Western District of Michigan, including an opinion on this very coordination-of-benefits dispute already rendered by this Court.

Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a civil action to another district:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ….

"District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Helder v. Hitachi Power Tools, Ltd.,* 764 F. Supp. 93, 95-96 (E.D. Mich. 1991); *see also Reese v. CNH America LLC,* 574 F.3d 315, 320 (6th Cir. 2009); *Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006). The factors to

be considered by the Court in ruling on a motion to transfer venue include case-specific factors affecting both private and public interests. *Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991). Those factors include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron,* 423 F. Supp. 2d at 729; *see also Steelcase, Inc. v. Smart Techs., Inc.,* 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004).

"[T]he moving party bears the burden of proving why a court should transfer the action." *Smart Techs.,* 336 F. Supp. 2d at 719. This burden is a heavy one and requires that the moving party show that the factors weigh strongly in favor of transfer. *Id.*

The Court finds no valid basis for a transfer of this action. First and foremost, this Court presided over the initial case between the parties, *Central States, Southeast and Southwest Areas Health and Welfare Fund v. First Agency, Inc. et al.*, No. 1:10-cv-1288, involving their litigation of the same coordination-of-benefits dispute with respect to thirteen other insured students under the same policies. This Court rendered a decision unfavorable to Defendants, and consequently, Defendants wish to have this second case decided in a venue more favorable to them. Defendants conceded as much on the record at the July 25, 2013 status conference in this case in response to this Court's inquiry as to why a second case was filed presenting the same issue already decided by this Court. Such circumstances hardly provide a sound basis for a transfer of venue, particularly since there was no challenge to venue in the first case involving these same parties and issue.

3

Even if the Court were not persuaded at the outset to decline to exercise its discretion to transfer venue based on the above circumstances, the Court does not find that the factors weigh strongly in favor of a transfer of venue to the Northern District of Illinois. The Northern District of Illinois does not appear to be more convenient for the parties and witnesses. Defendant First Agency, which sold the insurance policies at issue and administered the claims for GTL, is located in Kalamazoo, Michigan, where much of the communications and records pertaining to the insurance claims at issue were generated. A venue transfer would require First Agency staff, who presumably may be called as witnesses, to travel to Illinois, a much less convenient venue than this Court, which is located only minutes away from Kalamazoo. Although GTL argues that the Northern District of Illinois is far more convenient for Central States and GTL, both of which are based in Illinois, defense counsel acknowledged at the status conference that this is primarily a "documents" case.

Plaintiffs note that the insureds and claimants who are potential non-party witnesses in this litigation and whose injuries gave rise to Central States' complaint reside in various states, including Michigan, Illinois, Wisconsin, Kansas, Minnesota, Florida, Iowa, North Carolina, and Kentucky (*see* Compl. ¶¶ 30-50). While three insureds apparently may be located in the Northern District of Illinois, two are located in the Western District of Michigan (*see* Pls. Resp., Dkt 29 at 5; GTL Reply, Dkt 31 at 2). Thus, in terms of the convenience and cost of this witness testimony, and the availability of process to compel testimony, the circumstances do not strongly favor transfer to Illinois.

Finally, this Court is extremely familiar with the governing law, having decided the same issues and claims in the related case involving these same parties, which clearly mandates that

4

efficiency and the interests of justice are best served by resolving this litigation in this Court. It would be patently unfair to the insureds whose claims are at issue to have potentially differing outcomes. Defendants' redress of their dissatisfaction with the outcome in this venue is an appeal to the Sixth Circuit Court of Appeals, which they have indicated they intend to pursue.

## II. Conclusion

Defendants have failed to carry their burden of showing a transfer of venue is warranted. The Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is denied.

An Order consistent with this Opinion will be entered.


Dated: August 13, 2013         /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge